IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-00210-F-1
No. 5:12-CV-00546-F

| | |
|---|---|
| DARYLE LAMONT MCNEILL, ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-28] Daryle Lamont McNeill's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-22]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On August 22, 2006, McNeill was charged in a single-count information with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. *See* Information [DE-2]. At his arraignment held on September 5, 2006, McNeill waived his right to indictment, and pursuant to a written plea agreement [DE-8], he pled guilty to the information. [DE-6.]

McNeill was sentenced to 292 months' imprisonment on December 15, 2006. *See* Judgment [DE-11]. McNeill did not appeal his conviction or sentence. On May 28, 2008, pursuant to the Government's Rule 35 motion, McNeill's sentence was reduced to 219 months. *See* Amended Judgment [DE-15].

On August 20, 2012, McNeill filed the instant Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255. [DE-22.] In his pending § 2255 motion, McNeill appears to argue that, in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), he was improperly sentenced as a career offender. In its motion to dismiss, the Government contends that dismissal is warranted for the following reasons: (1) McNeill's § 2255 motion is untimely; (2) McNeill has failed to state a claim because he was not sentenced as a career offender pursuant to USSG § 4B1.1; and (3) McNeill waived his right to contest his sentence in a post-conviction motion.

## Discussion

### I. McNeill's Motion to Vacate is untimely.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The court finds that McNeill's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f), and as such, his motion is untimely. With respect to § 2255(f)(1), McNeill's § 2255 motion was filed well over a year after the judgment against him

2

became final. Additionally, McNeill does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, McNeill's § 2255 motion is not timely under § 2255(f)(2). McNeill's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as McNeill's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012) (holding that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review). Finally, McNeill's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). While it's true that under *Johnson v. United States*, 544 U.S. 295 (2005), "facts" may include court rulings and the legal consequences of known facts, the court ruling must have occurred in the petitioner's *own* case. *Messer v. United States*, Nos. 1:12-cv-00404-MR, 1:10-cr-00059-MR-DLH-1, 2014 WL 320135, at *4 (W.D.N.C. Jan. 29, 2014); *Jefferson v. United States*, Nos. 5:09-CR-251-FL-1, 5:11-CV-434-FL, 2014 WL 324625, at *8 (E.D.N.C. Jan. 28, 2014). The Fourth Circuit's ruling in *Simmons* does not constitute a new "fact" rendering McNeill's claim timely under § 2255(f)(4). In sum, McNeill's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is not timely.

The court further finds that McNeill is not entitled to equitable tolling. In order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).[1]

---

[1] Although *Holland* concerned a state prisoner's federal habeas action, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States*, No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell*, No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi*, No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

3

In this case, the court concludes that McNeill has failed to show the existence of an "extraordinary circumstance." In a similar case in this District, the Honorable Malcolm J. Howard, Senior United States District Judge held:

> The court finds there is nothing extraordinary or rare about the circumstances in which this defendant finds himself. There are many defendants in the same procedural dilemma as this defendant. Yet, the Fourth Circuit has spoken definitely in *Powell,* holding that *Carachuri-Rosendo* is not retroactively applicable on collateral review and foreclosing a remedy under section 2255 for many defendants within this circuit. Finding no actual innocence claim or other extraordinary circumstances in this case, and in light of the Fourth Circuit's decision in *Powell,* the court declines to equitably toll the statute of limitations in this matter. Therefore, petitioner's motion must be dismissed as untimely.

*Grimes v. United States*, No. 5:09-CR-103-1H, 2013 WL 140041, at *2 (E.D.N.C. Jan. 10, 2013).

## II. McNeill's Motion to Vacate fails to state a *Simmons* claim.

Even if considered timely, McNeill's § 2255 motion would still be subject to dismissal because he has failed to state a cognizable claim upon which relief may be granted. Specifically, although McNeill's contentions are not crystal clear, he appears to argue that, in light of the Fourth Circuit's decision in *Simmons*, he was improperly sentenced as a career offender.

A defendant is a career offender under § 4B1.1(a) when the following conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

In *Simmons*, the Fourth Circuit Court of Appeals held en banc that in order for a prior

4

North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that individual defendant could be sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243. In reaching its holding in *Simmons*, the Fourth Circuit expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worse possible criminal history." *Id.* (quoting *Harp*, 406 F.3d at 246) (emphasis omitted).

A review of the record reveals that despite McNeill's argument to the contrary, he was not sentenced as a career offender. As explained in paragraph 38 of McNeill's Presentence Report, although McNeill qualified as a career offender, his adjusted offense level of 38 was greater than level 37, and as such, the higher offense level of 38 was utilized by this court in calculating his guideline range. *See* USSG § 4B1.1(b). Accordingly, McNeill has failed to state a claim for relief under *Simmons*.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-28] is ALLOWED, and McNeill's § 2255 motion [DE-22] is DISMISSED. The court concludes that McNeill has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 8th day of April, 2014.

James C. Fox
Senior United States District Judge