IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-00210-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DARYLE LAMONT McNEILL, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Reduction in Sentence [DE-42]. In his motion, Defendant requests a 2-4 level reduction in his sentence based on Amendment 794. Defendant also requests the appointment of counsel to take over and pursue this case.

The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015) Amendment 794 to the Guidelines amended the Commentary to § 3B1.2. *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). In particular, Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[1] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does

---

[1] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

While Amendment 794 applies retroactively in direct appeals, *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016), Defendant's sentencing was held on December 15, 2006. If Defendant had filed a direct appeal, it, too, would have been many years ago. Defendant has failed to show that Amendment 794 offers him any relief. Consequently, Defendant's Motion for Reduction in Sentence [DE-42] is DENIED.

SO ORDERED.

This, the 4* day of August, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge